# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROSARIO MIRAGLIA, | : | |
| | : | Case No. 2:18-cv-7944 (BRM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STEVEN JOHNSON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Petitioner Rosario Miraglia ("Petitioner"), an individual currently confined at New Jersey State Prison, in Trenton, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 3, "Pet.".) For the reasons expressed below, the Petition is **DISMISSED without prejudice** as untimely.

## I.     BACKGROUND

In August 2008, following a jury trial presided over by the Honorable Paul F. Chaiet, Petitioner was convicted of first-degree murder and related offenses. *See State v. Miraglia*, No. A-0407-09, 2013 WL 1092106 (N.J. Super. Ct. App. Div. March 18, 2013.) The Appellate Division recited the facts as follows:[1]

> The victims were Julia Miraglia, his grandmother, and Leigh L. Martinez, his former girlfriend, who was also the mother of his child. Defendant confessed that, on June 8, 2004, he used knives and a meat cleaver to murder and dismember his victims, but maintained at trial,

---

[1] This Court affords the state court's factual determinations appropriate deference. Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> in support of an insanity defense, that he was Jesus Christ and on a
> mission from God when he killed his victims.

*See id.* at *1. Petitioner was indicted and charged with two counts of first-degree murder, a

violation of N.J.S.A. § 2C:11-3; third-degree possession of a weapon for an unlawful purpose, a

violation of N.J.S.A. § 2C:39-4(d); second-degree criminal attempt to commit aggravated arson, a

violation of N.J.S.A. § 2C:5–1; N.J.S.A. § 2C:17–1(a)(2); and fourth-degree unlawful possession

of a weapon, a violation of  N.J.S.A. 2C:39-5(d). *See id.*

Having reviewed the state court record in this matter (ECF No. 8, Ex. 1-45), this Court

finds the following summary by the Appellate Division to be true and correct:

> Over several days in September and October 2005, Judge Paul F.
> Chaiet conducted a competency hearing and ultimately determined
> defendant was competent to stand trial "despite his paranoid
> schizophrenia." In August 2006, defense counsel moved to reopen
> the record regarding his client's competency. After a second hearing
> over the course of three days in September 2006, Judge Chaiet ruled
> that defendant was not competent to stand trial and committed
> defendant to a secure psychiatric facility for treatment and
> monitoring. A third competency hearing occurred on April 10, 2007.
> At that time, the court heard only from a State psychiatrist and found
> defendant competent to stand trial.
>
> A trial took place over nine days in August 2008. In the midst of the
> trial, defense counsel again raised the question of defendant's
> competency after defendant insisted on testifying over counsel's
> contrary advice. Judge Chaiet conducted a brief voir dire of
> defendant and found him competent to continue to stand trial.
>
> At the trial's conclusion, the jury found defendant guilty on all counts
> except the attempted aggravated arson charge, as to which he was
> acquitted. The jury was then asked to determine the presence of
> aggravating factors.  After further deliberation, the jury found: (1)
> both murders were "outrageously or wantonly vile, horrible or
> inhuman in that it involved torture, depravity of mind, or an
> aggravated assault"; (2) the murder of Julia Miraglia was committed
> "for the purpose of escaping detection, apprehension, trial,
> punishment or confinement" for committing the murder of Leigh L.
> Martinez; and (3) the murder of Julia Miraglia was committed "while

> the defendant was engaged in the commission of, or an attempt to commit or flight after committing or attempting to commit the murder of Leigh L. Martinez."
>
> After appropriate mergers, the judge sentenced defendant to two consecutive terms of life imprisonment without possibility of parole.

See *Miraglia*, No. A-0407-09, 2013 WL 1092106 at *1-2.

Petitioner filed a counseled Notice of Appeal with the Appellate Division raising the following claims:

1. THE MOTION COURT ERRED IN FINDING MR. MIRAGLIA COMPETENT TO STAND TRIAL, DESPITE EXHAUSTIVE HEARINGS AT WHICH AMPLE EVIDENCE OF HIS INCOMPETENCE WAS PRESENTED. U.S. CONST., amend. xiv; N.J. CONST. (1947), Art. I, Par. 10.

2. THE JUDGE ERRED BY FAILING TO MODIFY THE MODEL JURY CHARGE ON INSANITY, OVER DEFENSE COUNSEL'S OBJECTION, TO REFLECT THE EXISTENCE OF PROCEDURES TO ADEQUATELY PROTECT THE PUBLIC IF MR. MIRAGLIA WAS ACQUITTED BY REASON OF INSANITY. MR. MIRAGLIA WAS THEREBY DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR TRIAL. U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. AMENDS. V, VI, XIV; N.J. CONST. (1947), ART. I, ¶¶ 1, 9, 10.

3. THE JUDGE ERRED IN DENYING DEFENSE COUNSEL'S MOTION FOR A NON–JURY TRIAL.

See *id.*; *see also* ECF No. 8-3 at 2-3. On March 18, 2013, the Superior Court of New Jersey, Appellate Division, dismissed Petitioner's claims as meritless. *See id.* The New Jersey Supreme Court denied Petitioner's petition for certification. *State v. Miraglia*, 75 A.3d 1162 (2013).

On January 2, 2014, Petitioner filed a *pro se* post-conviction relief ("PCR") petition. (*See* ECF No. 8-12 at 170 (PCR Court Op., July 10, 2015.) On October 23, 2014, Petitioner filed a counseled amended PCR petition. (*Id.*; *see also* ECF No. 8-11 at 3-25.) Petitioner raised the following claims:

1. Ineffective assistance of trial counsel for pursuing an insanity defense against Petitioner's wishes;

2.   Ineffective assistance of trial counsel for objecting to and attempting to prevent Petitioner's from testifying on his own behalf;

3.   Ineffective assistance of trial counsel for openly opposing Petitioner's attempts to represent himself;

4.   Ineffective assistance of trial counsel for openly seeking to overrule Petitioner's position regarding a jury trial;

5.   Ineffective assistance of trial counsel for failing to object to Petitioner being asked questions at his competency hearing directly related to privileged conversations between Petitioner and counsel;

6.   Ineffective assistance of trial counsel for failing to pursue suppression of Petitioner's statements to police;

7.   Ineffective assistance of appellate counsel for not arguing on appeal that the trial court erroneously denied Petitioner's motion to self-represent; and

8.   Ineffective assistance of appellate counsel for not arguing on appeal that trial counsel was constitutional ineffective for failing to file an appeal.

(*See* ECF No. 8-11 at 16-22.)

On July 10, 2015, the state court denied Petitioner's PCR petition as time-barred pursuant to New Jersey Court Rule 3:22-12(a) and alternatively as meritless. (*See* ECF N0. 8-12 at 170-193.) Petitioner filed a Notice of Appeal before the Superior Court, Appellate Division. (ECF Nos. 8-9 & 8-10.) Petitioner raised the following two claims:

1.   THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVEADEQUATE LEGAL REPRESENTATION IN HIS CASE; and

2.   THE COURT MISAPPLIED ITS DISCRETION IN APPLY R. 3:22-4, R. 3:22-5 AND R. 3:22-12, AS PROCEDURAL BARS AGAINST DEFENDANT'S FILING FOR POST CONVICTION RELIEF IN THIS CASE.

(ECF No. 8-10 at 2.) On October 18, 2017, the Appellate Division affirmed the dismissal of Petitioner's PCR petition. *State v. Miraglia*, No. A-0433015T3, 2017 WL 4655300 (N.J. Super. Ct. App. Div. Oct. 18, 2017.) The New Jersey Supreme Court denied Petitioner's petition for certification on March 14, 2018. *State v. Miraglia*, 180 A.3d 724 (N.J. 2018).

On April 11, 2018, Petitioner filed his habeas petition. (ECF No. 1). Petitioner subsequently filed an amended habeas petition on May 22, 2018, raising the following grounds for relief:

1. Ground One: Miranda Issue/Failure to Suppress. Trial attorney Joe Krakora's failure to suppress statements put Mr. Miraglia at a grave disadvantage; in turn arming the prosecution with a trial narrative they would not have been able to put forth and was not true at that.

2. Ground Two: Court misapplied its discretion in applying R. 3:22-4, R. 3:22-5, and R. 3:22-12 as procedural bars against Defendants [sic] filing for post-conviction relief.

3. Ground Three: Trial court erred in denying the Defendant's petition for post-conviction relief without affording him an evidentiary hearing to address adequate legal representation. Question and lack of adversarial questioning of expert witness was not addressed at any level of appellate process. Completely avoided addressing a legitimate contention.

4. Ground Four: Testimony of doctors versus prison doctors addressing manifest injustice of verdict under McNaghton. There has been no accountability whatsoever over expert(s) positions regarding this case. I am neither malingering nor mentally ill. Their positions cannot withstand scrutiny with adequate legal representation via asking the tough questions that nobody has been willing to ask.

5. Ground Five: Denial of self representation. Language of trial court judge from a reasoning stand point and the fact I am not mentally ill.

6. Ground Six: Ineffective assistance of counsel. Lack of questioning of expert witness and leading question to a prosecution witness that completely undermined the position I was putting forth.

7. Ground Seven: Trial court judge Paul Chaiet forced an insanity defense in this case in violation of Sixth and Fourteenth Amendment. Trial transcripts of the language of trial court judge at one point calling me a schizophrenic and at another point calling me a malingerer. Moreover, discretion from the bench (wrong headed discretion at that) should not usurp Constitutional rights.

8. Ground Eight: Ineffective assistance of counsel. Direct appeal attorney John Dovard, post-conviction relief attorney Albert Afonso [sic] for not protecting or addressing procedural bar R. 3:22-12 adequately. Wrote John Dovard a letter about situation when I told him to file for Certification in April of 2013 and I asked Albert Alfonso to get all my correspondence with Mr. Dovard to address at P.C.R. He unequivocally told me I won't be timebarred.

(ECF No. 3.)

5

While Petitioner's Amended Petition was pending, Petitioner filed a second PCR petition on February 11, 2019. *See State v. Miraglia*, No. A-3580-18T2, 2020 WL 3885893 (N.J. Super. Ct. App. Div. July 10, 2020.) On February 14, 2019, Petitioner filed a Motion to Stay his Amended Petition with this Court while he exhausted his issues in state court. (ECF No. 17.) On March 11, 2019, the PCR court denied Petitioner's second PCR petition, finding it was time barred under New Jersey Court Rule 3:22-12(a)(2). (*See* ECF No. 24 at 4, PCR Court Order March 11, 2019.) On April 11, 2019, Petitioner filed a Notice of Appeal before the Superior Court, Appellate Division. (ECF No. 27-1.)

On September 30, 2019, this Court denied Petitioner's Motion for Stay without prejudice and granted Petitioner leave to file a new Motion for Stay clearly identifying the claims he was attempting to exhaust and whether those claims were contained in the Amended Petition. (ECF No. 28.) On November 15, 2019, Petitioner filed a Motion to Amend with proposed Second Amended Complaint and Motion to Stay. (ECF Nos. 30 & 31.) Petitioner's proposed Second Amended Complaint again alleged the above listed eight grounds from his Amended Complaint and included an additional six grounds for habeas relief. (ECF No. 31.) Petitioner's proposed Second Amended Complaint included the following six additional claims:

1) Ineffective Assistance of Counsel Adam Toraya (Appellate Attorney)

2) Ineffective Assistance of Counsel by Joe Krakora in the capacity of vicar of appellate section of New Jersey Public Defender's Office; Which ultimately translates into a conflict of interest for the following reason: Joe Krakora was Mr. Miraglia's Trial attorney;

3) Ineffective Assistance of Counsel of Jodie Ferguson (Assistant Public Defender)

4) Erroneous Decision of Certification of Judge Stuart Rabner

5) Time Bar is being Misapplied

6) Trial Court Judge Paul Chaiet violated Mr. Miraglia's 6th and 14th amendment Right's [sic] and violated New Jersey case law (June Gorthy) by the forcing of an insanity defense. (*Louisiana v. McCoy* is applicable also)

(ECF No. 31 at 22-27.)

On January 8, 2020, Petitioner submitted a letter to this Court, informing the Court that the New Jersey Superior Court, Appellate Division, was going to hold oral argument on Petitioner's appeal. (ECF No. 32.) On July 6, 2020, this Court order Petitioner to show cause as to whether his proposed Second Amended Petition should be considered when ruling on his Motion to Amend. Petitioner was also instructed to inform the Court of his unexhausted PCR claims. (ECF No. 33.) Prior to Petitioner's response to the Court's Order to Show cause, the New Jersey Superior Court, Appellate Division, affirmed the PCR court's finding that Petitioner's second PCR petition was time-barred under Rule 3:22-12(a)(2). *Miraglia*, No. A-3580-18T2, 2020 WL 3885893. On January 22, 2021, the Supreme Court of New Jersey denied Petitioner's petition for certification. *State v. Miraglia*, 245 N.J. 71 (2021).

Respondents filed an answer to Petitioner's Amended Petition arguing that Petitioner's claims are procedurally defaulted. (ECF No. 8.)[2]

## II.  DECISION

### A.  Timeliness

Based on the record provided by Respondent, the Petition is untimely as Petitioner waited more than one year after the conclusion of direct review to file the instant Petition. Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review <u>or</u> the expiration of the time for seeking such review;

---

[2] Respondents' answer does not address the additional six claims from Petitioner's proposed Second Amended Complaint.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(emphasis added.) Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d) (2) for the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and properly filed. *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001).[3]

---

[3] An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

New Jersey Court Rule 3:22-12 enumerates the specific limitations on when a defendant can file for post-conviction relief. It states: "no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged."

Here, January 7, 2014 is the appropriate date to start the one-year statute of limitations because the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The New Jersey Supreme Court denied certification on Petitioner's appeal on October 9, 2013. *State v. Miraglia*, 75 A.3d 1162 (2013). Since he did not file a petition for writ of certiorari in the Supreme Court, Petitioner's conviction became final ninety days later, the time during which Petitioner could have filed a petition for writ of certiorari, January 7, 2014. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Unless some form of tolling applies, Petitioner's habeas petition was due one year later, on January 7, 2015.

"[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is excluded from the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). "In determining whether a petition is 'properly filed,' a federal court 'must look to state law governing when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004). The question then becomes whether Petitioner's PCR petition was properly filed under New Jersey law.

"[T]ime limits on postconviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "[T]he AEDPA explicitly directs us to toll the statute of limitations only when a collateral petition for state relief was 'submitted according to the state's procedural requirements, such as the rules

governing the time and place of filing.'" *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (quoting *Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999)).

Petitioner filed his first *pro se* PCR petition in state court on January 2, 2014. (*See* ECF No. 8-12 at 170 (PCR Court Op., July 10, 2015.) However, that petition was time-barred because it was filed after New Jersey Court Rule 3:22-12's five-year deadline. "The PCR judge denied relief without permitting an evidentiary hearing. He determined that the PCR petition was time-barred because defendant failed to file within five years of the judgment's entry, R. 3:22–12(a)(1), and because defendant also failed to show excusable neglect or other interest-of-justice grounds for permitting consideration of the untimely PCR petition." *Miraglia*, No. A-0433015T3, 2017 WL 4655300 at * 1.

If the PCR petition were "properly filed," the time between January 2, 2014 and March 14, 2018 would have been statutorily tolled by § 2244(d)(2). However, a petition that is not "properly filed" within the meaning of AEDPA does not toll the passage of time. When the New Jersey Supreme Court denied Petitioner's request for review on March 14, 2018, the Appellate Division's opinion that the PCR petition was untimely became the final decision of the state courts. An untimely habeas corpus petition is an improperly filed petition. *Pace*, 544 U.S. at 413. Petitioner's time to file a § 2254 petition continued to run until it expired on January 7, 2015. Petitioner did not file his habeas petition until April 11, 2018. (ECF No. 1.)

This Court is bound by the state court's finding that the PCR petition was untimely under New Jersey law. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002) ("If the California Supreme Court had clearly ruled that Saffold's 4 1/2 month delay was 'unreasonable,' that would be the end of the matter . . . ."); *Merritt v. Blaine*, 326 F.3d 157, 166 (3d Cir. 2003) ("[W]e are bound by the state court's finding that Merritt's second PCR petition was untimely."). Because the state courts clearly

ruled that Petitioner's PCR petition was untimely, it was not properly filed within the meaning of AEDPA. The AEDPA statute of limitations started on January 7, 2014 and expired one year later one-year on January 7, 2015. Therefore, the habeas petition filed on April 11, 2018 is time-barred unless Petitioner can establish that he is entitled to equitable tolling of the limitations period.

In addition to statutory tolling, the courts have also recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63 (2010)). Mere excusable neglect is not sufficient. *Id.*

The Petitioner does not provide any basis for equitable tolling. Based on the record provided by Respondent, the Petition is dismissed <u>without prejudice</u> as untimely. The Clerk of the Court shall administratively terminate this matter for docket management purposes. Within 30 days of his receipt of this Memorandum Opinion and Order, Petitioner may move to reopen this matter and submit any arguments he has in support of equitable tolling, along with any relevant supporting documentation.

## III.   CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Petition is dismissed <u>without prejudice</u> as untimely. The Court will administratively terminate this action at this time and provide Petitioner with 30 days in which to move to reopen this matter and submit his arguments regarding

equitable tolling. Petitioner shall support his arguments with appropriate documentation. If Petitioner timely responds to the Court's Order, the Court will reopen the matter to address Petitioner's arguments. If Petitioner does not respond to the Court's Order within the time period provided, the Court will reopen the matter and dismiss the Petition with prejudice.

An appropriate Order follows.


Dated: October 7, 2021

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
